**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARCO MIGUEL ROBERTSON,** : | | **CIVIL NO. 3:14-CV-309** |
| : | | |
| **Petitioner,** : | | **(Judge Caputo)** |
| : | | |
| **v.** : | | |
| : | | **(Magistrate Judge Carlson)** |
| **WARDEN J.E. THOMAS,** : | | |
| : | | |
| **Respondent.** : | | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

This is a *pro se* petition for writ of habeas corpus filed by Marco Miguel Robertson, a Maryland state prisoner housed in the Special Management Unit of the United States Penitentiary, Lewisburg, Pennsylvania. In his petition Robertson advances two separate claims, each of which is accompanied by its own factual narrative. Because we find that only one of these two claims properly sounds in habeas, we recommend that the petition be denied, in part, and served, in part.

In his latest petition Robertson first explained that he was convicted of murder in the state of Maryland, and was later apparently convicted of assault while in

Maryland state prisons. He was then subsequently transferred to federal custody and found his way to the Special Management Unit at the Lewisburg Penitentiary. While at Lewisburg, Robertson asserts that he has been denied a state parole hearing which he was entitled to receive. Thus, Robertson's petition initially raises issues relating to his entitlement to parole, something that would affect his continued confinement and a claim that would lie at the core of federal habeas corpus jurisdiction.

Having raised this colorable habeas corpus issue, Robertson then invites this Court to use the writ of habeas corpus for an end far removed from its intended purpose. Specifically, Robertson alleges that "staff with inmates as present [sic] wish to force me into homosexuality/chronic masturbation before staff/a gang/being an agent whom reports-stabs-rapes-robs-steals for staff." (Id., Ground 3 (a)). After describing these alleged conditions of his confinement, Robertson then urges the Court to issue a writ of habeas corpus which would regulate the conditions of his current confinement, and requests a transfer to another facility asserting that he is in need of medical treatment and counseling.

Because we believe that Robertson's claims regarding his state parole are potentially cognizable in habeas, but Robertson is not entitled to use of writ of habeas corpus to secure the relief he seeks relating to his conditions of confinement, it is recommended that this petition should be dismissed to the extent that Robertson seeks

a prison transfer, but served upon Maryland state parole officials with directions that they respond to Robertson's claims that he has been unconstitutionally denied parole consideration.

## II.    Discussion

The writ of habeas corpus, one of the protections of individual liberties enshrined in our Constitution, serves a specific, and well-defined purpose. The writ of habeas corpus exists to allow those in the custody of the state to challenge in court the fact, duration and lawfulness of that custody. As the United States Court of Appeals for the Third Circuit has aptly noted:   "The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.' "   *Powers of Congress and the Court Regarding the Availability and Scope of Review,* 114 Harv. L.Rev. 1551, 1553 (2001)."   *Leamer v. Fauver,* 288 F.3d 532, 540 (3d Cir. 2002). However, there is a necessary corollary to this principle, one which has long been recognized by the courts; namely, "[i]f a . . . prisoner is seeking [other relief], he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release-the traditional purpose of habeas corpus. In [such cases], habeas

corpus is not an appropriate or available federal remedy." *Preiser v. Rodriguez,* 411 U.S. 475, 494 (1973).

Thus, where a prisoner wishes to constitutionally challenge some aspect of the conditions of his confinement unrelated to the fact or duration of his detention, courts have repeatedly held that the writ of habeas corpus is not the proper vehicle for bringing this legal challenge. For example, in *Leamer v. Fauver, supra,* the United States Court of Appeals discussed whether a habeas corpus petition was the appropriate tool for an inmate to use when challenging a prison disciplinary placement decision, like the decision at issue in this case. In terms that are equally applicable here the Court of Appeals held that these type of claims are not cognizable under habeas, stating:

> When read together, there is a logical and coherent progression of Supreme Court jurisprudence clarifying when [habeas and other civil rights relief] is unavailable: whenever the challenge ultimately attacks the "core of habeas" -the validity of the continued conviction or the fact or length of the sentence-a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under [other civil rights statutes] is appropriate.

*Leamer,* 288 F.3d at 542.

Following *Leamer*, courts have often considered invitations by inmates to use the writ of habeas corpus to examine prison condition-of-confinement claims relating to federal inmates housed in the Lewisburg Penitentiary special management unit program. Without exception, these invitations have been declined by the courts as a legal exercise which fall beyond the scope of habeas corpus jurisdiction. *See e.g.*, *Cardona v. Bledsoe,* 681 F.3d 533, 534 (3d Cir. 2012) *cert. denied¸* 133 S. Ct. 805, 184 L. Ed. 2d 597 (U.S. 2012); *Bedenfield v. Lewisburg,* 393 F. App'x 32, 33 (3d Cir. 2010); *Dickerson v. Diguglielmo*, 306 F. App'x. 707 (3d Cir. 2009); *Jupiter v. Warden*, *U.S.P. Lewisburg*, 237 F. App'x. 726 (3d Cir. 2007); *Levi v. Holt*, 193 F. App'x. 172 (3d Cir. 2006); *Beckley v. Miner*, 125 F. App'x. 385 (3d. Cir 2005); *McCarthy v. Warden, USP Lewisburg*, 1:10-CV-01609, 2010 WL 4977021 (M.D. Pa. Oct. 20, 2010) *report and recommendation adopted,* 1:CV-10-1609, 2010 WL 4977217 (M.D. Pa. Dec. 2, 2010) *aff'd,* 417 F. App'x 128 (3d Cir. 2011); *Woodruff v. Williamson*, No. 06-2310, 2009 WL 703200 (M.D. Pa. March 12, 2009)(SMU placement); *McKettrick v. Williamson*, No. 06-543, 2006 WL 1307929 (M.D. Pa. March 22, 2006)(SMU placement). *See generally, Torres v. Fauver*, 292 F.3d 141 (3d. Cir. 2002).

These settled legal tenets control here and are fatal to that portion of Robertson's habeas petition which seeks to use the writ to regulate his conditions of

confinement and secure a prison transfer for this inmate. Since it is well established that the types of complaints made by Robertson regarding the conditions of his confinement simply do not sound in habeas, this petition must be dismissed. Robertson's recourse, if any, would be through a *Bivens* civil rights action challenging these prison conditions. However, because the filing requirements for habeas and *Bivens* actions differ, and the two types of actions raise different issues in terms of procedural requirements and substantive standards, it would not be appropriate to simply construe Robertson's pleading, which was clearly designated as a habeas petition, as a *Bivens* action. Instead, it is recommended that this petition be dismissed without prejudice to Robertson later filing a separate action under *Bivens*, if he chooses to do so. *Woodruff v. Williamson*, No. 06-2310, 2009 WL 703200, at 6 (M.D. Pa. March 12, 2009)(dismissing habeas petition challenging SMU placement without prejudice to separate *Bivens* civil action).

In contrast, in some instances a state inmate's claims that he has been unconstitutionally denied parole consideration may sound in habeas since such a petition states a challenge in court the fact, duration and lawfulness of that custody. *See generally, Roman v. DiGuglielmo,* 675 F.3d 204 (3d Cir. 2012) *cert. denied,* 133 S. Ct. 287, 184 L. Ed. 2d 169 (U.S. 2012); *McAleese v. Brennan*, 483 F.3d 206 (3d Cir. 2007); *Mickens-Thomas v. Vaughn*, 321 F.3d 374, 376 (3d Cir. 2003). Therefore, it

6

is recommended that the petition be served upon the Maryland Parole Commission, which should respond to Robertson's claim that he has been unconstitutionally denied parole.

**III**.    **Recommendation**

Accordingly, for the foregoing reasons, upon consideration of this Petition for Writ of Habeas Corpus, Robertson's motion for leave to proceed *in forma pauperis* (Doc. 5), is GRANTED but IT IS RECOMMENDED:

1.     That the Petition be DENIED to the extent that it invites the Court to regulate the conditions of his current confinement, and requests a transfer to another facility asserting that he is in need of medical treatment and counseling, but–

2.     The petition should be served upon Maryland state parole officials who should be directed to respond to Robertson's claim that he has been unconstitutionally denied state parole.

The Petitioner is further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections

which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 13th day of March, 2014.

                               **_S/Martin C. Carlson_**
                                Martin C. Carlson
                                United States Magistrate Judge