# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARCO MIGUEL ROBERTSON,** | : | Civil No. 3:14-CV-309 |
| | : | |
| Plaintiff | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **DOC of MD., COMMISSIONER,** | : | |
| | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

**I.  BACKGROUND**

The petitioner, Marco Miguel Robertson, is a prisoner in federal custody currently housed at the United States Penitentiary at USP-Lewisburg. Robertson is currently being held as the result of orders issued by both federal and state authorities in Maryland. Robertson is presently serving the following Maryland sentences: a life sentence for first-degree murder beginning on January 31, 2007, and a consecutive 20-year sentence for the use of a handgun in the commission of a crime of violence. These sentences were imposed by the Circuit Court for Prince Georges County on April 17, 1998. Robertson is also serving a concurrent 15-year sentence beginning on March 2, 1999, for "Maim: Shoot at w/int. to," imposed by the Circuit Court for Anne Arundel County on March 2, 1999. Lastly, Miguel is serving a consecutive four-year sentence for second-degree assault on a corrections

officer, imposed by the Circuit Court for Anne Arundel County on September 9, 2002. (Doc. 12, Ex. 1, Aff. Of David R. Blumberg, Chairman of the Maryland Parole Commission, Attachments A-C.)

Robertson initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that he is entitled to receive a parole hearing with respect to his Maryland sentences. (Doc. 1, at 2.) By Order dated May 7, 2014, the Court directed the Maryland Parole Commission to file a response to show cause on or before June 13, 2014, why the petitioner should not be granted habeas relief. (Doc. 8.) The Maryland Parole Commission, represented by the Office of the Attorney General of Maryland, filed a response on June 12, 2014, arguing that the case should be transferred to the District of Maryland. (Doc. 12.) Robertson filed a brief opposing the transfer. (Doc. 13.)

Prior to this Court taking action on the respondent's motion for transfer, the petitioner sought relief with the Third Circuit Court of Appeals and with the United States Supreme Court, both of which denied his efforts at appeal.[1]

The Court has examined the petition and the motion for transfer, and it is clear that the petition raises matters which relate exclusively to state convictions and sentences imposed by state courts within the District of Maryland, and it is

---

[1] For reasons that are unclear, the docket in this action had not been updated with notice regarding the outcome of the petitioner's appeals to the Third Circuit and Supreme Court of the United States. The Court has reviewed the appellate dockets to confirm that Robertson's appeal to the Third Circuit was dismissed on October 20, 2014, and his petition to the Supreme Court was denied on January 1, 2015.

thus recommended that this action be transferred to the United States District Court for the District of Maryland for further proceedings.  Indeed, this is precisely the course this Court recommended when Robertson filed a petition seeking virtually the same relief in 2011.  *See Robertson v. Comm'r of Div. of Cor. of Maryland*, No. 3:11-CV-2224, 2011 WL 6888676 (M.D. Pa. Dec. 1, 2011).

## II.     DISCUSSION

For state prisoners like the petitioner, who seek to contest some aspect of their state sentences, including parole rules that may be applicable to those sentences, 28 U.S.C. § 2241(d) specifies where habeas corpus petitions should be filed, and provides specifically as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.  The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d).

Thus, state prisoner habeas corpus petitions may be brought in the federal judicial district in which the state court of the conviction is located or, when the prisoner is confined in a prison located in another federal district in the same state as the state of conviction, the petition may also be brought in the district of confinement. *Id.* However, § 2241 also provides that the district court for the district in which the petition is filed may "in furtherance of justice" transfer the petition to the federal district court in which the state court of conviction is located. *Id. See also Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990).

In this case, the petitioner is a Maryland state prisoner who is housed at the United States Penitentiary, Lewisburg, which is located within this district, but who wishes to challenge state parole procedures in Maryland, the state of his conviction. In sum, this matter involves a Maryland state prisoner, a Maryland state sentence, and a dispute with Maryland state parole officials, all of which are matters that fall under the territorial jurisdiction of the United States District Court for the District of Maryland. 28 U.S.C. § 100. Given that the offenses and conviction, the state prosecution, sentencing and parole decisions all took place in Maryland, it would be in the interest of justice to transfer this petition to the United States District Court for the District of Maryland for further proceedings.

Finally, an order transferring this case to Maryland for further proceedings also protects Robertson's rights as a *pro se* litigant. Such a transfer order avoids

any unintended prejudice to the petitioner which might flow from a dismissal of this action. *See Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 430 (1965).

## III. **RECOMMENDATION**

For the foregoing reasons, it is recommended that this case be transferred to the United States District Court for the District of Maryland for further proceedings pursuant to 28 U.S.C. § 2241(d).

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

/s/ *Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated: August 4, 2016