IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARCO MIGUEL ROBERTSON #62151-066 *

       Petitioner                     *

       v.                              *   CIVIL ACTION NO.  PJM-16-3071

FBOP DIRECTOR SAMUELS      *
DOC of MARYLAND COMMISSIONER
                                         *

Respondents

**MEMORANDUM OPINION**

Marco Miguel Robertson, presently confined in the Special Management Unit at the United States Penitentiary in Lewisburg, Pennsylvania, filed a Petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania, asserting that he has been denied a Maryland state parole hearing which he was entitled to receive. By way of Report and Recommendation ("R&R"), a Magistrate Judge in that District found that Robinson's issues relating to his entitlement to parole presented a colorable habeas corpus issue, but supplemental claims concerning conditions of confinement and the need to transfer to another facility for medical treatment and counseling lie outside the purview of habeas review. The R&R, later adopted by the District Court, dismissed the Petition to the extent that it raised conditions of confinement requiring his transfer, and permitted the claims regarding Robinson's state parole issue to proceed pursuant to 28 U.S.C. § 2241. ECF Nos. 6-8. Thereafter, the Petition was transferred to this Court from the United States District Court for the Middle District of Pennsylvania and received on September 7, 2016.

The Petition shall be construed under 28 U.S.C. § 2241. For reasons noted herein, the Petition shall be denied and dismissed and a Certificate of Appealability shall not issue.

**Background**

This Petition represents Robertson's second attempt to obtain § 2241 habeas relief from this Court. As determined in *Robertson v. Comm'ner of DOC of Maryland, et al.,* Civil Action No. PJM-12-35 (D. Md.) ("*Robertson I*"), Robinson is in federal custody pursuant to the Interstate Corrections Compact ("ICC"),[1] serving aggregate sentences of life imprisonment plus twenty-four years' incarceration following his Maryland convictions for first-degree murder, use of a handgun, assault with intent to maim and second-degree assault.[2] *Id.*, ECF No. 12, Exhibits 1-3.

*Robertson I* contained a claim that Robertson's due process rights were violated because he was not permitted to attend his Maryland parole hearing while housed in a federal facility outside Maryland. *Id.,* ECF No. 1 at 4. In a supplement to that Petition, Robertson implied that he had never been scheduled for a parole hearing, but that if such a hearing was held, it should be reconvened so that he could attend in person or via videoconference. *Id.,* ECF No. 11 at 1-2. Following further briefing, the undersigned on June 22, 2012, dismissed *Robertson I* and declined to issue a Certificate of Appealability. *Id.,* ECF Nos. 14 and 15.

In the instant Petition, Robertson reiterates his claim that he should be given a parole hearing that he could attend in person or via videoconference. ECF No. 1 at p. 9, Request for Relief. He further argues that a "thorough psychological evaluation" and his federal Bureau of Prisons record should be presented to the Maryland Parole Commission for consideration prior to the parole hearing. *Id.*

---

[1] The ICC is applicable to Maryland prisoners pursuant to Md. Code Ann., Corr. Servs. § 8-601 *et seq.*

[2] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=CT971600X&loc=65&detailLoc=PG; http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=02K97000484&loc=60&detailLoc=K; and http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=02K02001407&loc=60&detailLoc=K.

**Standard of Review**

Petitions filed pursuant to 28 U.S.C. § 2241 are subject to the exhaustion requirement of 28 U.S.C. § 2254(b). *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment); *see also Preiser v. Rodriguez*, 411 U.S. 475 (1973) (state courts must be afforded the first opportunity to review federal constitutional challenges to state convictions).

Thus, before this Court can review the merits of his habeas petition, Robertson must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982). Both the operative facts and the controlling legal principles must be exhausted. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In Maryland, exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals, *see Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).

**Analysis**

Based on the uncontroverted record evidence presented in *Robertson I,* Robertson was sentenced to life plus twenty years' incarceration commencing January 31, 1997. On March 2, 1999, he received an additional fifteen year sentence, commencing March 2, 1999, concurrent to the sentences already imposed. On September 20, 2002, he received an additional four year sentence, to be served consecutive to any sentence then being served. Given those sentences, it

is not apparent whether he is eligible for parole consideration at this time.[3] If in fact he is parole eligible, Robertson is not without recourse to obtain the relief he seeks. He should direct his parole eligibility claim to the appropriate Maryland court. *See Maryland House of Correction v. Fields*, 686 A. 2d 1103, 1105 (1996) (habeas relief is appropriate where prisoner alleged that prison officials' actions were unauthorized and he was unlawfully detained and was entitled to immediate release). His responses to the Petition suggest that he has not attempted to obtain such relief by way of an appropriate action in the Maryland courts.

To the extent Robertson claims that Maryland parole officials have violated his due process rights by failing to schedule a parole hearing, his claim cannot be adjudicated here. Violation of a state law or regulation which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice". *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U. S. 424, 428 (1962)). The Constitution itself does not create a protected liberty interest in the expectation of early release on parole. *See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U. S. 1, 7 (1979); *see also Jago v. Van Curen*, 454 U. S. 14, 18 (1981) (mutually explicit understanding that inmate would be paroled does not create liberty interest). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz*, 442 U.S. at 7. "It is therefore axiomatic that because . . . prisoners have no protected liberty interest in parole they cannot mount a challenge against a state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).

---

[3] Md. Code Corr. Serv. § 7-301(d) provides that an inmate sentenced to life imprisonment is not eligible for parole consideration until s/he has served fifteen years or the equivalent of fifteen years after consideration of diminution credits.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting S*lack v. Daniel,* 529 U.S. 473, 484 (2000)). Robertson's Petition does not meet this standard. For reasons set forth above, a separate order will be entered dismissing this case without prejudice and denying a certificate of appealability.

              _____/s/_____
                 PETER J. MESSITTE
September 13, 2016         UNITED STATES DISTRICT JUDGE